# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **Case No. 25-CR-88-JPS-SCD**

**JAMAREON J. JACKSON,**

**Defendant.**

---

## ORDER DENYING DEFENDANT'S MOTION TO SEVER

---

A federal grand jury has charged Brandon Owens, Isaiah Cochran, Xavyion Humphrey-Smith, and Jamareon Jackson with committing two separate armed robberies together. The indictment alleges that Owens, Cochran, and Humphrey-Smith participated in both armed robberies. Jackson allegedly participated in only the second one. *See* Indict., ECF No. 1.

Jackson has moved for severance under Rule 14 of the Federal Rules of Criminal Procedure. *See* Def.'s Mot., ECF No. 103. Rule 14 indicates that "[i]f the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant . . . , the court may . . . sever the defendants' trials[] or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). The rule "does not require severance even if prejudice is shown; rather it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *United States v. Souffront*, 338 F.3d 809, 828 (7th Cir. 2003) (quoting *Zafiro v. United States*, 506 U.S. 534, 538–39 (1993)).

> When defendants have been properly joined under Rule 8(b), "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."

*Id.* (quoting *Zafiro*, 506 U.S. at 539). The defendant bears the "heavy burden" of establishing that a joint trial would prevent "the jury from arriving at a reliable judgment as to guilt or innocence." *United States v. White*, 737 F.3d 1121, 1133 (7th Cir. 2013) (quoting *United States v. Berg*, 714 F.3d 490, 496 (7th Cir. 2013)).

Jackson argues that severance is necessary in this case because each of his co-defendants has confessed and has provided statements inculpating him. The Sixth Amendment's Confrontation Clause generally precludes admission of a non-testifying co-defendant's confession when used against the co-defendant. *See Bruton v. United States*, 391 U.S. 123 (1968). Here, there's no trial on the calendar and, even if eventually there is one, it's unclear which defendants will exercise the right to a trial, what evidence the government will seek to introduce, and which defendants will testify.[1] Given all those contingencies, Jackson's confrontation concerns are not yet ripe. Courts in this district routinely deny without prejudice premature severance motions. *See, e.g.*, *United States v. Campbell*, No. 24-CR-101, 2024 WL 5055039, 2024 U.S. Dist. LEXIS 223000 (E.D. Wis. Dec. 10, 2024), *defendant's objections overruled in United States v. Tate*, No. 24-cr-101-pp, 2025 WL 315009, 2025 U.S. Dist. LEXIS 14613 (E.D. Wis. Jan. 28, 2025). Jackson's concerns could also be mitigated by modifying his co-defendants' statements to remove any references to him and providing a limiting jury instruction. *See Samia v. United States*, 599 U.S. 635, 640–53 (2023). Because the

[1] Cochran has already pleaded guilty. *See* ECF Nos. 104 & 105.

resolution of Jackson's motion depends on (1) having a trial in the first place, (2) who testifies at trial, and (3) how evidence is introduced, I will leave that issue for another day.

Accordingly, for all the foregoing reasons, the court **DENIES without prejudice** Defendant Jamareon Jackson's motion to sever pursuant to Fed. R. Crim. P. 14, ECF No. 103. The court directs the parties' attention to 28 U.S.C. § 636(b)(1)(A), Fed. R. Crim. P. 59(a), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any order herein, or part thereof, may be filed within fourteen days of service of this order. Objections must be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the district judge in writing.

**SO ORDERED** this 2nd day of September, 2026.

Stephen C. Dries

STEPHEN C. DRIES
United States Magistrate Judge